THOMAS ALTHOUSE

Plaintiff Pro Se
P.O. Box 160
Makawao, HI 96768
Telephone: (808)276-0662

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES - WESTERN DIVISION

THOMAS ALTHOUSE,

    Plaintiff,

        v.

WARNER BROS. ENTERTAINMENT,
INC.; ANDY WACHOWKSI; LANA
WACHOWSKI f/k/a/ LARRY
WACHOWSKI; JOEL SILVER, and
JOHN/JANE DOES 1-10,

    Defendants.

Case No. CV13-0696RGK-SS

COMPLAINT FOR:

1-2. Violations of Racketeer
Influenced and Corrupt
Organizations Act, 18 U.S.C. §§
1961-1968;
3. Declaratory Judgment, 28
U.S.C. §§ 2201-2202
4. Direct Copyright
Infringement, 17 U.S.C. §§ 501
et seq.;
5. Contributory Copyright
Infringement, 17 U.S.C. §§ 501
et seq.;

REQUEST FOR JURY TRIAL

Plaintiff Thomas Althouse alleges and complains against

Defendants as follows:

## JURISDICTION

1. Subject matter jurisdiction and venue exist, in whole

and/or in part, pursuant to the following federal statutes: (a)

18 U.S.C. §§ 1961 et seq., as the complaint alleges violations

of RICO; (b) 28 U.S.C. § 1338, as the complaint alleges

copyright infringement; (c) 28 U.S.C. § 1332, as there is

complete diversity of citizenship and the amount in controversy

PAID

JAN 3 1 2013

Clerk, US District Court
COURT 4612

1  exceeds $75,000, exclusive of  costs and interest; (d) 28 U.S.C.
2  § 1331, as the complaint alleges federal questions; (e) 28
3  U.S.C. §§ 2201-2202, as the complaint seeks a declaratory
4  judgment; (f) to the extent this Court lacks original
5  jurisdiction to hear any claim, the Court has supplemental
6  jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a), as
7  the claim is so related to those claims for which original
8  jurisdiction with this Court lies that they form part of the
9  same case or controversy under Article III of the United States
10  Constitution.

11                              **PARTIES**

12      2.   Plaintiff Thomas Althouse ("Althouse") is a resident
13  of Hawaii and is the legal and beneficial federal copyright
14  claimant, owner, and author of certain intellectual property,
15  to-wit a screenplay named "The Immortals," which was registered
16  with the Writers Guild of America East in 1993 and copyrighted
17  with the United States Copyright Office in 1996, and associated
18  materials including story treatments and music which were
19  simultaneously submitted and protected. (These items are
20  collectively referred to herein after as "Plaintiff's protected
21  literary works" or "The Immortals".)

22      3.   Plaintiff Althouse is engaged in activities and
23  conduct that affect federal interstate and/or foreign commerce.
24  Althouse is a "person," as that term is defined pursuant to 18
25  U.S.C. § 1961 (3) of the Racketeer Influenced and Corrupt
26  Organizations Act of 1970 ("RICO").

27      4.   Defendant Andy Wachowski ("Andy"), upon information
28  and belief, is and at all times material herein was, a producer

                            COMPLAINT                        PAGE 2

and director of motion picture films.  Andy, upon information
and belief, has been at all relevant times, a citizen and
resident of the County of Los Angeles, State of California. Andy
is engaged in activities and conduct that affect federal
interstate and/or foreign commerce. Andy Wachowski is a
"person," as that term is defined pursuant to 18 U.S.C. §
1961(3) of RICO.

5.    Defendant Lana f/k/a Larry Wachowski (referred to
herein as "Larry" because it was the name used at the time of
the relevant events), upon information and belief, is and at all
times material herein was, a producer and director of motion
picture films. Larry, upon information and belief, has been at
all relevant times a citizen and resident of the County of Los
Angeles, State of California.  Larry is engaged in activities
and conduct that affect federal interstate and/or foreign
commerce. Larry is a "person," as that term is defined pursuant
to 18 U.S.C. § 1961(3) of RICO.

6.    Defendant Joel Silver ("Silver"), upon information and
belief, is and at all times material herein was, a producer of
motion picture films, a director of motion picture films, and is
engaged in activities affiliated with motion picture production.
Silver, upon information and belief, is a citizen and resident
of the County of Los Angeles, State of California. Silver is
engaged in activities and conduct that affect federal interstate
and/or foreign commerce. Silver is a "person," as that term is
defined pursuant to 18 U.S.C. § 1961 (3) of RICO.

7.    Defendant Warner Bros. Entertainment Inc. ("Warner
Bros."), upon information and belief, is and at all times

material herein was, a company organized under the laws of the State of Delaware, maintaining its principal place of business within the City of Los Angeles, County of Los Angeles, State of California. Warner Bros. is engaged in the production and distribution of motion picture films, as well the commercial exploitation of motion picture films by and through video cassette, DVD, CD-ROM, and other alternative delivery vehicles, both domestically and internationally. Warner Bros. is engaged in activities and conduct that affect federal interstate and/or foreign commerce. Warner Bros. is a "person," as that term is defined pursuant to 18 U.S.C. § 1961(3) of RICO.

8.     Defendants JOHN/JANE DOES 1-10 (collectively the "Doe Defendants"), are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with the named Defendant(s) and/or were the agents, principals, partners, officers, directors, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees, and/or licensors of the named Defendant(s) and/or were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein and/or were in some manner responsible for the injuries and/or damages to Plaintiffs and/or conducted some activity or activities in a negligent manner which was a proximate cause of injuries and/or damages to Plaintiffs and/or were in some manner related to the named Defendant(s), and

Plaintiffs pray for leave to certify their true names,
identities, capacities, activities and/or responsibilities when
the same are ascertained.

9. Each and every Defendant is liable as a principal
pursuant to 18 U.S.C. §§ 2(a)-(b) and each and every Defendant
is liable as a co-conspirator pursuant to 18 U.S.C. § 371. The
acts, conduct, activities, and/or omissions committed by one
Defendant are attributable to all of the other Defendants.

10. At all times material herein, the activities, conduct,
and/or omissions committed and/or engaged in by the Defendants
herein give rise to this action being instituted within this
federal district, by and through employment of federal
instrumentalities of federal interstate commerce, including the
federal mails, federal wires, and traveling in connection with
the commission of racketeering activity across federal
interstate and/or international boundaries and/or lines.

11. The Defendants, each of whom are engaged in principal
business activities within the City of Los Angeles, County of
Los Angeles, State of California, engaged in continuous,
concerted, and systematic activities with Plaintiff within this
district, resulting in injury to Plaintiff's interests in
Plaintiff's business or property.

**VENUE**

12. Venue is proper within this judicial district pursuant
to 28 U.S.C. §§ 1391(a)(2), (a)(3), and (b) inasmuch as all
Defendants transact business and can be found within this
district, and a substantial part of the events or omissions

giving rise to the claims occurred in, or a substantial part of property that is the subject matter is situated within, this district.

### FACTS

13. Commencing in January 1992 and finishing in the summer of 1992, Plaintiff originated, created, and/or otherwise developed a literary and artistic work consisting of a screenplay entitled "The Immortals." Plaintiff's origination, creation, and/or development of "The Immortals" is Plaintiff's sole and exclusive intellectual property, eligible for federal copyright registration and protection.

14. In 1992 and 1993, Plaintiff originated, created, and/or otherwise developed a literary and artistic work consisting of an 11 page "extended story treatment" similarly entitled "The Immortals." Plaintiff's origination, creation, and/or development of "The Immortals" story treatment is Plaintiff's sole and exclusive intellectual property, eligible for federal copyright registration and protection.

15. Plaintiff registered the "Immortals" extended story treatment and screenplay with the Writers Guild of America East on or about May 19, 1993 and copyrighted it with the United States Copyright Office on or about February 1, 1996.

16. In 1993 Plaintiff was placed in contact with personnel at Warner Bros. to discuss his work "The Immortals" and was invited to submit a copy of "The Immortals" screenplay to Warner Bros. for its consideration as a possible Warner Bros. production.

17.     Plaintiff did in fact submit "The Immortals" screenplay to Warner Bros., through the U.S. mail, on or about June 25, 1993.

18.     At the time Plaintiff created "The Immortals" screenplay he did so under the pen name Tom Summers; however it was copyrighted under his full legal name Thomas Park Althouse.

19.     Plaintiff submitted "The Immortals" to Warner Bros. through an attorney and in doing so reserved to himself the full rights and protections of ownership afforded him under federal copyright law and all other applicable laws.

20.     Warner Bros. subsequently acknowledged receiving a copy of "The Immortals" screenplay.

21.     In May 2003 and November 2003 respectively, Defendants, acting in concert with each other, released two motion picture films entitled "The Matrix Reloaded" and "The Matrix Revolutions." These films were based and formulated in substantial part upon Plaintiff's federal copyright protected intellectual properties, to which Defendants had access because Plaintiff had sent "The Immortals" to Defendant Warner Bros. The distribution of the two aforesaid films was criminal copyright infringement, in violation of 18 U.S.C. § 2319 and 17 U.S.C. § 506(a), as the Defendants willfully infringed Plaintiff's copyrights for purposes of commercial advantage or private financial gain by copying Plaintiff's intellectual property in the film.

22.  In February 2010, Plaintiff, not yet having watched either of the movies "The Matrix Reloaded" or "The Matrix Revolutions," came across information leading him to begin

investigating possible similarities between those two films and
"The Immortals." Plaintiff's investigation led to his eventual
viewing of the films "The Matrix Reloaded" and "The Matrix
Revolutions," and his review of the screenplays for said films,
whereupon it became evident to Plaintiff that those two films
were based and formulated in substantial part upon Plaintiff's
federal copyright protected intellectual properties.

23. Defendants and others acting in concert with
Defendants commercially misappropriated, feloniously acquired,
and/or clandestinely converted Plaintiff's protected literary
works for purposes of origination, production, and/or creation
of the motion picture films "The Matrix Reloaded" and "The
Matrix Revolutions." Defendants, on information and belief,
knew and/or had reason to know that said films were
substantially similar to Plaintiff's protected literary works.

24. Defendants have obtained Plaintiff's property and used
it as their own property in the making of the motion pictures
"The Matrix Reloaded" and "The Matrix Revolutions." The
infringing works demonstrate substantial similarities to the
protected literary work on which Plaintiff holds a copyright,
and such similarities are of a sort that indicate copying rather
than independent creation, coincidence or a prior common source.
The infringing works have substantial similarities to the
Protected Work including but not limited to the following
specific similarities:

| The Protected Literary Work | The Infringing Works |
|---|---|
| "The Immortals" | "The Matrix Reloaded" and |
|  | "The Matrix Revolutions" |
| Those in the Immortals Program have "enhancers" in the back of their necks that allow them to connect to and interact in a virtual world. | Humans plug into the Matrix program via a jack in the back of their necks that allows them to connect to and interact in a virtual world. |
| The enhancer allows the mind to access information like a computer and stores memories and information. | When plugged into the Matrix, individuals can upload new information and store it in their mind like a computer. |
| By being connected into the Immortals Program people can access readouts of their surroundings. | It is possible to get full readouts of people and information of anything inside the Matrix program. |
| It is very difficult to mentally function without an enhancer once one has been in the program. | It is very difficult for humans to gain mental function once they are unplugged from Matrix program. |
| People in the immortals program can be tracked through the chip in their enhancer that connects them like a computer. | Everyone inside the Matrix program can be tracked because they are plugged into a computer program. |

| | |
|---|---|
| Enhancers allow individuals to give feedback on any person or thing they see allowing central agents to locate people or information and even to communicate through them. | Agents are able to utilize individuals in the program to locate others and then take over their body in order to track people. |
| The enhancer allows the mind to be like a computer to download information instantly. | Those plugged into the Matrix are able to quickly download information and skills like a computer program. |
| Jim in The Immortals script is the key to saving the people and stopping the deaths of all but the chosen. | Neo in the Matrix movies is the only one who can save humanity and stop the mass deaths of all but the chosen few. |
| Jim is a champion for the free people; he is doing all he can to save and free them from their situation. | Neo is the One -- the savior of the free people.  His whole purpose is to free them from their situation. |
| Jim and Berringer hate each other and are each other's nemeses. | Smith and Neo hate each other and are each other's nemeses. |
| Jim becomes a fugitive when he | Neo becomes a forced outsider |

| | |
|---|---|
| 1   is removed from the Immortals | stuck between the Matrix |
| 2   program/system. | Program and the underground. |
| 3 | |
| 4   Monique is the key character | Trinity is the key character in |
| 5   that helps Jim emotionally and | the Matrix that is Neo's |
| 6   physically get through the task | support in getting through all |
| 7   he is called to do. | he has to do. |
| 8 | |
| 9   Jim has horrible nightmares | Neo has many nightmares after |
| 10   after having his enhancer | being unplugged from the |
| 11   removed. | Matrix. |
| 12 | |
| 13   Jim has terrible nightmares | Neo has nightmares of Trinity |
| 14   about the death of Julia. | dying. |
| 15 | |
| 16   Jim is given a chip with a | Neo is given an earpiece as a |
| 17   secret message from Wagner. | secret message from Smith. |
| 18 | |
| 19   People can be infected with | People inside the Matrix can be |
| 20   diseased programs through their | infected with diseased |
| 21   enhancers. | programs. |
| 22 | |
| 23   Wagner creates clones and | Agent Smith begins to create |
| 24   identical images to control the | identical copies of himself in |
| 25   people. | his desire for more power. |
| 26 | |
| 27   Through the enhancer, | Through the code and their |
| 28   characteristics and memories of | special connection, Neo and |

| | |
|---|---|
| different characters are blended. | Smith's characters are blended. |
| Jim gets images in his mind of the control center where he must go. | Neo gets visions in his mind of the building where the Architect is that he needs to get to and later of Machine City where he must go. |
| The building Jim gets a vision of is a dome shaped building. | The building Neo gets a vision of is a dome shaped building. |
| Wagner's areas are buildings that have no visible entrance into where he is.  Entrances are hidden and require special access to locate and enter. | To get to the Architect characters must navigate a building to an area with no visible entrances to where the Architect is.  They use hidden corridors and strategic access. |
| As Jim is on his mission to the Immortals City, he is overwhelmed by information assessed through his new way of thinking and seeing because of using Berringer's enhancer. | As Neo is entering the Machine City, he is overwhelmed by all the information he is taking in.  He is using a new way to process information after being blinded. |
| Agents are robot like, without expression. | The Agents are expressionless and act uniformly, on command. |

| | |
|---|---|
| Agents dress in suits. | Agents dress in suits. |
| Agents are not allowed to show emotion. | Agents do not show emotion. |
| Agents eyes flick to the left when they are downloading or receiving information. | Characters' eyes flutter or flick when information is downloaded. |
| Eye flick of agent signals the protagonist is in danger. | Eye flick of human taken over by agent signals the protagonist is in danger. |
| Eye flick indicates that someone else is speaking through the person. | Eye flick indicates that someone else is speaking through the person. |
| Agents wear special earpieces to communicate and keep connected to Central. | Agents wear special earpieces to stay connected. |
| The train station is one of the only ways to travel into and out of the Immortals Program/City.  Only people in the immortals program or with work permits are allowed to use it.  It is a corrupt system. | The train station is one of the only ways to travel into the Matrix program.  The only ones that are allowed to use it are those that are allowed in by the train man. It is a corrupt system. |

| | | |
|---|---|---|
| 1 | The train station is where | The train station is where |
| 2 | those outside the program take | those outside the program take |
| 3 | their children to try and get | their children to try and get |
| 4 | them into the program.  The | them into the program.  The |
| 5 | only way they can do that is if | only way they can do that is if |
| 6 | someone in the program takes | someone in the program takes |
| 7 | their child. | their child in. |
| 8 | | |
| 9 | At the train station, Jim is | At the train station, Neo is |
| 10 | lost in a place he is | lost in a place he is |
| 11 | unfamiliar with.  He is trying | unfamiliar with.  He is trying |
| 12 | to figure out where he is and | to figure out where he is and |
| 13 | how to get out. | how to get out. |
| 14 | | |
| 15 | Jim is trapped at the train | Neo is stuck at the train |
| 16 | station.  The only way out is | station. The only way out is on |
| 17 | on the train but he cannot get | the train but he cannot get |
| 18 | onto the train. | onto the train. |
| 19 | | |
| 20 | It is extremely difficult for | It is extremely difficult for |
| 21 | Jim to get out of the train | Neo to get out of the train |
| 22 | station, even though he used to | station, even though he used to |
| 23 | be in the program.  He is now a | be in the program.  He now has |
| 24 | wanted fugitive. | a bounty on his head. |
| 25 | | |
| 26 | Trapped, alone with no way out, | Trapped, alone with no way out, |
| 27 | Jim is lost.  Help comes to him | Neo is lost.  Help comes to him |
| 28 | from Parks, who sends Monique, | from the Oracle, who sends |

| | |
|---|---|
| one of his own protectors, to come and rescue Jim and get him out of the train station. | Seraph, one of her own protectors, to help rescue Neo and get him out of the train station. |
| Monique comes to the train station and rescues Jim, getting him onto the train. When she arrives, she gives him a kiss. | Trinity comes to the train station and rescues Neo, getting him onto the train. When she arrives, she gives him a kiss. |
| There is an underground resistance group fighting against the Immortals Program and what it stands for. | There is an underground resistance group fighting against the machines and the Matrix. |
| The underground meets to plan for how to counter the big attack from the machines. | The underground council meets to prepare for the big attack from the machines. |
| There is a countdown until the attack will happen.  The underground has a limited amount of time to get ready. | The underground is counting down until the attack of the machines.  There is very little time to prepare and be ready. |
| The impending attack is designed to exterminate the humans outside the program. | The impending attack is designed to exterminate the humans outside the program. |

| | | |
|---|---|---|
| 1 | The council is in support of | The council is supporting Neo |
| 2 | Jim and what he can to do help | in his mission to help them |
| 3 | their cause but there are | fight the attack, but there are |
| 4 | leaders who oppose the | leaders who oppose the |
| 5 | council's faith in Jim. | council's faith in Neo. |
| 6 | | |
| 7 | Underground and outside the | Outside the Matrix in the |
| 8 | program people are all of mixed | underground people are all of |
| 9 | races. | mixed races. |
| 10 | | |
| 11 | The equipment and supplies of | The Underground has lower |
| 12 | the underground are of low | quality equipment than the |
| 13 | quality. | Matrix and the Machines. |
| 14 | | |
| 15 | Outside the Immortals City is a | Outside the Matrix is ruins of |
| 16 | dirty city, poverty, and ruins. | a city, poverty and dreariness. |
| 17 | | |
| 18 | Those outside the program are | The underground people are |
| 19 | weathered and grungy people who | weathered and living a hard |
| 20 | are living a hard life. | life of survival. |
| 21 | | |
| 22 | Broken glass is a common theme | Broken glass is a visual |
| 23 | of the script. | throughout the movies. |
| 24 | | |
| 25 | The wealthy in the program have | The wealthy and prominent in |
| 26 | elaborate homes and buildings | the Matrix have elaborate, |
| 27 | of neoclassical design. | modern yet classical buildings. |
| 28 | | |

| | |
|---|---|
| The machines move through the tunnels, they fly into the underground, their tails twisting as they search. | Sentinels and squidees fly through sewer lines their tails twisting and searching as they flood into the underground. |
| Underground fighters navigate flying pods through the tunnels while monitoring their screens. | Resistance fighters drive ships through tunnels while monitoring outside activity on their monitors. |
| Machines spew out of a hole. | Hovercrafts explode out of a fissure. |
| The tunnelers dive deeper causing tremors and shifting of the earth, collapsing the station like the walls of Jericho. | Diggers steadily inch their way down, making the caves vibrate and the cliff sides of Zion shudder. |
| Machines are low flying like bladeless helicopters with whip like tails. | Sentinels/Squidees resemble the description of machines in "The Immortals." |
| The machines' tails are whip like and move like the body of a serpent. | The Sentinels have tails that snake and snap through the air like huge metal whips. |

| | |
|---|---|
| Transport operators pilot the ships with screens scrolling green blips and lines. | Pilots navigate the ships with screens scrolling green code. |
| Underground transports are older and more run down. | Underground ships are patched and scarred and look to have seen better days. |
| The horizon is blackened by an endless mass of larger machines, swarms of them. | There is a massive force of huge heavy war machines led by a swarm of sentinels. |
| The underground resistance is outnumbered and swarmed by Wagner's machine army in what seems like a hopeless battle. | The underground resistance is outnumbered and swarmed by masses of Sentinels; it seems hopeless. |
| Monique flies the hover car into the Immortals City towards Central, navigating rapidly as airships appear in pursuit and finally crash landing. | Trinity flies the ship into the Machine City, navigating to flee the pursuing squidees; she ends up crash landing the ship. |
| The Immortals program has a monitor room with 60 monitors that display what is seen by agents. | The Architect's room has walls full of monitors showing the events within the Matrix. |

| | |
|---|---|
| There are holograms of people used as decoys; bullets pass right through them. | There are holograms of people used as decoys; bullets pass right through them. |
| There have been multiple phases of the Immortals program over many years in the need to perfect the drug for the program to work properly. | There have been multiple versions of the Matrix program in the need to perfect it to work properly. |
| The history of the Immortals Program is shared with Jim by Wagner, while the screen shows flashbacks of events that took place during the process of developing and improving the program. | The history and design of the Matrix program is described to Neo by the Architect using monitors to show flashbacks of history and events to reveal that there were multiple versions, each with the goal of improving the program. |
| Agent Berringer expresses contempt for the humans outside the program, characterizing them as insects not people. | Agent Smith expresses contempt and disgust for the humans outside the program, deeming them unworthy to survive. |
| Camera view at opening: The Immortals opens with a shot "Gliding through pillars of clouds," descending "to the | Camera view at opening (per Matrix Reloaded script): "Dark clouds . . . We hear wind as we sail, like a glider . . . We |

1 | ground where light is                 dive down into the murkiness,
2 | noticeably subdued."                   through the clouds, into the
3 |                                        darker world of the dead
4 |                                        surface of Earth . . . ."
5 |
6 |      25.   Plaintiff alleges that the above listed specifically
7 | identified items and others are in fact substantially similar to
8 | Plaintiff's protected literary works, and that Defendants knew,
9 | and/or had reason to know, of the federal copyright registration
10 | issued in the name of Plaintiff and of the fact that Plaintiff
11 | had reserved to himself the rights to his work and had not given
12 | Defendants permission to use it.   Plaintiff further alleges that
13 | Defendants in fact had access to Plaintiff's protected literary
14 | works, and acquired same by and through employment of federal
15 | mails, and used Plaintiff's protected literary works in a
16 | knowing and/or reckless manner, for purposes of engaging in
17 | conduct constituting federal criminal and civil copyright
18 | infringement.   Plaintiff further alleges that Defendants'
19 | conduct, jointly and severally, similarly constituted conduct
20 | culminating with the injuries as aforesaid that affected
21 | Plaintiff's interest in Plaintiff's business and/or property.
22 |
23 |                      **FIRST CLAIM FOR RELIEF**
   |                 **[Violation of 18 U.S.C. § 1962(c)]**
   |                      **[Against All Defendants]**
24 |                                 **]**
25 |      26.   Plaintiff realleges and incorporates all preceding
26 | paragraphs.
27 |      27.   Plaintiff is a "person" within the meaning of 18
28 | U.S.C. § 1961(3).

28. Defendants are each "persons" within the meaning of 18 U.S.C. § 1961(3).

29. The association of Andy Wachowski and Larry Wachowski acting together and to operate the d.b.a. A & L Eons Production is an association in fact "enterprise" within the meaning of 18 U.S.C. § 1961(4). This RICO enterprise is organized and maintained by and through a consensual hierarchy of partners, managers, directors, officers, supervisors, and/or representatives that formulate and implement policies relative to the origination, formulation, development, and/or creation of intellectual properties for purposes of commercial exploitation by and through motion picture films, theatrical productions, distribution of motion picture films by and through alternative entertainment delivery vehicles including, but not limited to, compact digital disc, video cassette, DVD, CD-ROM, cable television, including Pay Per View, theatrical production, comic book distribution, and affiliated commercial exploitative means, both domestically and internationally. The Wachowski brothers' enterprise was engaged in and its activities affected interstate commerce during the relevant time periods alleged in this Complaint.

30. The Wachowski brothers' enterprise solicited screen writers and authors to provide them with manuscripts, produced comic books, wrote, directed and produced movies, hired the producer for "The Matrix" movies, employed and supervised artists to create story boards for use in pitching their movie proposals to movie studios, and pitched movie proposals to movie studios. The Wachowski brothers' enterprise thus functioned as

a continuing unit which had an existence separate and apart from the pattern of racketeering activity in which it was engaged.

31.   Defendants Andy Wachowski, Larry Wachowski, Silver, and Warner Bros. were each employed by or associated with the Wachowski brothers' enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through an interrelated pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1) and (5), which included willful criminal copyright infringement of Plaintiff's copyrighted works in the motion pictures entitled "The Matrix Reloaded," and "The Matrix Revolutions," released in 2003, in violation of 17 U.S.C. §506(a) and 18 U.S.C. §2319, as alleged above; and mail and wire fraud in violation of 18 U.S.C. §1341 and 18 U.S.C. §1343.

32.   As the direct and proximate result of Defendants' conduct in violation of 18 U.S.C. § 1962(c), Plaintiff has sustained damages and/or injuries to Plaintiff's interests in business and/or property as a result of Defendants' felonious, fraudulent, criminal and/or wrongful activities and/or conduct, in an amount exceeding $200,000,000. Plaintiff is entitled to recover compensatory damages, according to offer of proof at time of trial. Plaintiff is also entitled to recover an award of exemplary and punitive damages. Plaintiff is entitled to recover attorneys' fees, costs, and prejudgment interest.

### SECOND CLAIM FOR RELIEF
**[Violation of 18 U.S.C. § 1962(d) by Conspiracy to Violate 18 U.S.C. § 1962(c)]**
**[Against All Defendants]**

33.  Plaintiff realleges and incorporates all preceding paragraphs.

34.  By reason of the conduct alleged above, Defendants, along with others currently unknown, unlawfully, willfully, and knowingly conspired and continue to conspire to violate the provisions of 18 U.S.C. § 1962(c).

35.  As the direct and proximate result of Defendants' conduct in violation of 18 U.S.C. § 1962( d), Plaintiff has sustained damages and/or injuries to Plaintiff's interests in business and/or property as a result of Defendants' felonious, fraudulent, criminal and/or wrongful and/or activities and/or conduct, in an amount exceeding $300,000,000. Plaintiff is entitled to recover compensatory damages, according to offer of proof at time of trial. Plaintiff is also entitled to recover an award of exemplary and punitive damages. Plaintiff is entitled to recover attorneys' fees, costs, and prejudgment interest.

### THIRD CLAIM FOR RELIEF
**[For Federal Declaratory Relief, 28 U.S.C. §§ 2201-2202)**
**[Against All Defendants]**

36.  Plaintiff realleges and incorporates herein all preceding paragraphs.

37.  Plaintiff is and at all times material herein was a playwright, theater director and screenwriter.  Plaintiff is the legal and beneficial federal copyright claimant, owner, and author of Plaintiff's protected literary works, United States Copyright Office Registration Number PAu002050876, effective

date of registration, February 1, 1996, and showing a date of creation of 1992.

38. Defendants commercially misappropriated and/or clandestinely converted Plaintiff's protected literary works in order to originate, produce, and/or create the motion picture films "The Matrix Reloaded," and "The Matrix Revolutions."

39. An actual and justifiable controversy exists between the parties arising from the alleged fraudulent, felonious, criminal, and/or wrongful conduct inasmuch as Plaintiff is, and continues to remain, deprived of Plaintiff's interests in Plaintiff's federal copyrighted protected intellectual properties.

40. Plaintiff respectfully petitions this Honorable Court for a judicial declaration that the Defendants are legally adjudicated liable to compensate, remunerate, pay, and/or otherwise cause to be paid to Plaintiff emoluments and/or all monies due Plaintiff as a result of the aforesaid federal copyright infringing activities and to submit to this Honorable Court an independently verified accounting relative thereto.

41. Plaintiff further respectfully petitions this Honorable Court for a judicial declaration that Plaintiff be adjudicated the legal and beneficial federal copyright owner of the motion picture films "The Matrix Reloaded," and "The Matrix Revolutions," as a direct and proximate result of the criminal conduct engaged in and prosecuted by the Defendants.

42. Plaintiff respectfully petitions this Honorable Court to enter declaratory judgment to judicially invalidate the conduct and/or activity engaged in by Defendants, and each and

1  | every one of them, as fraudulent and/or criminal, pursuant to 28
2  | U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil
3  | Procedure, for the reasons alleged heretofore.

4  |     43.  Plaintiff further requests recovery of attorneys' fees
5  | and costs incurred herein in connection with prosecuting this
6  | federal declaratory relief claim.

7  | **FOURTH CLAIM FOR RELIEF**
    **[For Direct Copyright Infringer Liability,17 U.S.C.§501 et seq.]**
8  | **[Against All Defendants]**

9  |     44. Plaintiff realleges and incorporates herein all
10 | preceding paragraphs.

11 |     45.  Plaintiff is the legal and beneficial federal
12 | copyright claimant, owner, and author of Plaintiff's protected
13 | literary works, United States Copyright Office Registration
14 | Number PAu002050876, effective date of registration, February 1,
15 | 1996, and showing a date of creation of 1992. These protected
16 | literary works were created by Plaintiff, were wholly original
17 | by him and are copyrightable subjects under the laws of the
18 | United States.

19 |     46.  Plaintiff had, in 1996, complied in all respects with
20 | the federal Copyright Act of 1976, 17 U.S.C. §§ 102 et seq.,
21 | governing copyright registration of protected literary work and
22 | all other laws governing federal copyrights by applying for
23 | copyright registration on or about February 1, 1996, effecting
24 | the required financial deposit, and receiving said registration.
25 | As such Plaintiff is the legal and beneficial federal copyright
26 | claimant, owner, and author of Plaintiff's protected literary
27 | works, United States Copyright Office Registration Number
28 | PAu002050876, effective date of registration, February 1, 1996.

47.   Plaintiff alleges that since the afore identified date of copyright registration issuance, Plaintiff has been, and continues to be, the exclusive, sole proprietor of all right, title, and interest in and to the federal copyrighted literary works and the copyrights described herein above.

48.   Commencing subsequent to the registration of the aforesaid copyrights and continuing thereafter, Defendants obtained access to Plaintiff's aforesaid protected literary work. During that period of time Defendants came into physical possession of the protected literary work.  Defendants' activities resulted in their having an opportunity to view or to copy Plaintiff's aforesaid work. Upon information and belief, Defendants read the aforesaid work prior to the commencement of their infringing activity.

49.   At no time during the period when Defendants were obtaining access and securing possession did Defendants inform Plaintiff that they intended without Plaintiff's consent to produce motion pictures by copying a substantial portion of Plaintiff's protected literary work.

50.   Defendants, having access to Plaintiff's protected literary work, infringed the said copyrights by creating and producing two motion pictures through the copying of Plaintiff's protected literary work, to-wit, "The Matrix Reloaded" and "The Matrix Revolutions."  Said copying is indicated by Defendants' access to the literary work, the numerous specific substantial similarities alleged above, and the substantial similarity in both ideas and expressions of those ideas.

51. Prior to, and at the time of producing the two motion pictures, Defendants had concealed from Plaintiff their activities constituting infringement of Plaintiff's copyrights and copying of Plaintiff's protected literary work. Defendants have continued to this date their infringing activities. Upon request of the Court, Plaintiff will make available as an exhibit to the Court DVD copies of the two motion pictures.

52. By reason of the aforesaid infringement by Defendants of Plaintiff's copyrights and protected literary work, Plaintiff has sustained damage in that:

a. he has been deprived of all profits that would have resulted from the sale, distribution and marketing of Plaintiff's protected literary work;

b. he has been deprived of all profits made by the Defendants from their infringing works;

c. he has incurred attorneys' fees, costs and expenses relating to efforts to recover damages from Defendants' infringing acts; and

d. he has lost existing business and business opportunities.

**FIFTH CLAIM FOR RELIEF**
**[Contributory Copyright Infringer Liability,17 USC §501 et seq.]**
**[Against All Defendants]**

53. Plaintiff realleges and incorporates herein all preceding paragraphs.

54. Each of the Defendants is liable for copyright infringement of Plaintiff's protected literary work on the theory of contributory infringement in that each, with knowledge

1  of the infringing activity, furnished the said work, or

2  encouraged or assisted the said work going, to the infringing

3  parties.

4      55.   Prior to, and at the time of producing the two motion

5  pictures "The Matrix Reloaded" and "The Matrix Revolutions,"

6  Defendants had concealed from Plaintiff their activities

7  constituting infringement of Plaintiff's copyrights and copying

8  of Plaintiff's protected literary works. Defendants have

9  continued to this date their infringing activities.

10     56.   By reason of the aforesaid infringement by Defendants

11  of Plaintiff's copyrights and protected literary work, Plaintiff

12  has sustained damage in that:

13         a. he has been deprived of all profits that would have

14  resulted from the sale, distribution and marketing of

15  Plaintiff's protected literary work;

16         b. he has been deprived of all profits made by the

17  Defendants from their

18  infringing works;

19         c. he has incurred attorneys' fees, costs and expenses

20  relating to efforts to recover damages from Defendants'

21  infringing acts; and

22         d. he has lost existing business and business

23  opportunities.

24

25

26

27

28

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each and every one of them, jointly and severally, as follows:

1. For compensatory damages, according to offer of proof at time of trial, and for exemplary and punitive damages, arising from contravention of RICO Sections 1962(c) and (d);

2. For entry of judgment and appropriate orders for issuance of equitable relief pursuant to RICO Sections 1964(a)-(b);

3. For recovery of attorneys' fees and costs arising from contravention of RICO Section 1962;

4. For prejudgment interest arising from contravention of RICO Section 1962;

5. For compensatory damages, according to offer of proof, and for exemplary and punitive damages, arising from contravention of the Copyright Act of 1976, 17 U.S.C. §§ 501;

6. For judicial declaratory relief pursuant to Sections 2201-2202 of the Declaratory Judgment Act of 1946, 28 U.S.C. §§ 2201-2202; and,

7. For such further and other relief as the Court deems just and proper in the premises.

Dated: January 30, 2013

_____
THOMAS ALTHOUSE
PLAINTIFF PRO SE

1

## DEMAND FOR TRIAL BY JURY

2

Plaintiff hereby demands that this cause be tried before a

3

jury pursuant to the Seventh Amendment of the Constitution of

4

the United States of America, Rule 38(b) of the Federal Rules of

5

Civil Procedure, and Local Civil Rule 3.4.10.1 of the Local

6

Civil Rules of the United States District Court for the Central

7

District of California.

8

Dated: January _36_, 2013

9

10

11

THOMAS ALTHOUSE
PLAINTIFF PRO SE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV13- 696 RGK (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12)  Summons in a Civil Action

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY

for the

Central District of California

| | |
|---|---|
| THOMAS ALTHOUSE, | ) |
| | ) |
| | ) |
| _____ | ) CV13-0696 RGK-SSx |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| | ) |
| WARNER BROS. ENTERTAINMENT, INC.; ANDY | ) |
| WACHOWKSI; LANA WACHOWSKI f/k/a/ LARRY | ) |
| WACHOWSKI; JOEL SILVER, and JOHN/JANE | ) |
| DOES 1-10, | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  WARNER BROS. ENTERTAINMENT, INC.
ANDY WACHOWKSI
LANA WACHOWSKI f/k/a/ LARRY WACHOWSKI
JOEL SILVER
JOHN/JANE DOES 1-10

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

THOMAS ALTHOUSE

P.O. Box 160
Makawao, HI 96768
Telephone: (808)276-0662

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

SHEA BOURGEOIS

Date: JAN 3 1 2013   _____
*Signature of Clerk or Deputy Clerk*

FOR OFFICE USE ONLY   1184

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                              *Server's signature*

                                          _____
                                              *Printed name and title*

                                          _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| THOMAS ALTHOUSE | WARNER BROS. ENTERTAINMENT, INC.; ANDY WACHOWKSI; LANA WACHOWSKI f/k/a/ LARRY WACHOWSKI; JOEL SILVER, and JOHN/JANE DOES 1-10, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| P.O. Box 160<br>Makawao, HI 96768<br>Telephone: (808)276-0662 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ in excess of $200,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. §§ 1961 et seq., 17 U.S.C. §§ 501 et seq., 28 U.S.C. §§ 2201-2202, 28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | FORFEITURE / PENALTY | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 610 Agriculture | | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV13-0696

FOR OFFICE USE ONLY:    Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES:  Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s):

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　 ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Hawaii |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (all Defendants) |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):　　　　　　　　　　　　　　　　Date　1/30/2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |