CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  burrow@caldwell-leslie.com
ARWEN R. JOHNSON, State Bar No. 247583
  johnson@caldwell-leslie.com
CRAIG H. BESSENGER, State Bar No. 245787
  bessenger@caldwell-leslie.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendants WARNER
BROS. ENTERTAINMENT INC.; ANDY
WACHOWSKI; LANA WACHOWSKI
f/k/a LARRY WACHOWSKI; and JOEL
SILVER

FILED
CLERK, U.S. DISTRICT COURT
DEC - 4 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

THOMAS ALTHOUSE,

    Plaintiff,

v.

WARNER BROS. ENTERTAINMENT, INC.; ANDY WACHOWSKI; LANA WACHOWSKI f/k/a LARRY WACHOWSKI; JOEL SILVER; and JOHN/JANE DOES 1-10,

    Defendants.

Case No. CV 13-696 RGK (SSx)

**STIPULATION FOR PROTECTIVE ORDER**

**Hon. R. Gary Klausner**

Trial Date: June 17, 2014

---

All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"

---

CALDWELL LESLIE & PROCTOR

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Warner Bros. Entertainment, Inc., Andy Wachowski, Lana Wachowski, and Joel Silver (collectively the "Defendants") and Plaintiff Thomas Althouse (the parties shall be referred to collectively as the "Parties"), by and through their undersigned counsel of record, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order governing the production, use, and disclosure of confidential information in this action:

## STATEMENT OF GOOD CAUSE

1. Plaintiff has brought a copyright action claiming that Defendants infringed Plaintiff's allegedly copyrighted work in creating the motion pictures "The Matrix Reloaded" and "The Matrix Revolutions" (referred to collectively herein, including the motion picture "The Matrix," as "the Pictures"). To support their defenses to Plaintiff's claims, Defendants intend to produce various documents and tangible things in their possession, custody, and/or control including documents relating to the distribution and publicity of the Pictures and Defendants' independent creation, development, and production of the Picture. Some of the aforementioned information is proprietary, commercially sensitive, and private, and would result in competitive harm to Defendants if disclosed in the motion picture industry at any time.

2. Similarly, in response to Defendants' discovery requests, Plaintiff will produce certain documents and tangible things in his possession, custody, and/or control including those relating to compensation, payments, or royalties he has received or is continuing to receive for his work, and his employment history and income since 1992.

3. The Parties consider the aforementioned information to be proprietary, commercially sensitive and/or private. To address these concerns and avoid lengthy and expensive litigation over the issue, the Parties agree that a mutually appropriate protective order will speed the discovery and litigation processes. Therefore, the

Parties believe good cause exists for designating such information "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as defined in Paragraphs 7 and 8 below.

## PURPOSES AND LIMITATIONS

4. Disclosures, court filings, and discovery activity in this action are likely to involve production of confidential, privileged, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. This Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

   (a) *Exercise of restraint and care in designating protected material*: Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

   (b) *Mass, indiscriminate, or routine designations are prohibited*: Designations should be justified and not made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties). If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   (c) *Filing Under Seal*: The Parties will endeavor to file, when possible, redacted versions of documents containing irrelevant "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Information, rather than seeking to file the entire document under seal.

## DESIGNATION OF CONFIDENTIAL INFORMATION

5. Parties and third parties may designate any Document, including discovery responses, deposition testimony, documents obtained by inspection of files or facilities or by production of documents, or any portion of any Document, as well as any Transcript and exhibits thereto, produced or filed in this proceeding, as "Confidential" as long as the Document contains information as defined in Paragraph 7 below, or "Highly Confidential – Attorneys' Eyes Only," as long as the Document contains information as defined in Paragraph 8 below.

    (a) "Document" shall include any papers, transcripts, tapes, documents, disks, diskettes, CDs and DVDs, video or audio files, physical or electronic or digital copies or recordings, and other tangible things produced by any person in connection with this litigation, and shall include, without limitation, all original written, recorded (sound or video) or graphic matters and all identical or non-identical copies thereof.

    (b) "Transcript" shall mean any stenographic or verbatim recording of an interview, sworn statement, deposition, or hearing.

6. For purposes of this Stipulated Protective Order, a party or non-party may designate information as "Confidential Information" if the designating party or non-party reasonably believes the information contains or discloses: personal information about employees; customer-confidential information; agreements with non-parties relating to the Pictures; proprietary or business-confidential information concerning distribution, and publicity of the Pictures; and Defendants' internal processes for the creation, development, and production of the Pictures consistent with Federal Rule of Civil Procedure 26(c)(1)(G).

7. For purposes of this Stipulated Protective Order, a party or non-party may designate information as "Highly Confidential – Attorneys' Eyes Only" Information if: (a) the designating party or non-party reasonably believes such information satisfies the criteria for designation as "Confidential Information"

Case 2:13-cv-00696-RGK-SS Document 29 Filed 11/26/13 Page 5 of 16 Page ID #:1478

pursuant to Paragraph 2 above, and (b) the designating party or non-party believes, in good faith, the disclosure of the information is likely to cause harm to the competitive position of the designating party or non-party holding proprietary rights thereto. Such "Highly Confidential – Attorneys' Eyes Only" Information may include, without limitation: trade secrets, including confidential technical information, practices, and methods used in the development and production of the Pictures; and non-public financial information such as Plaintiff's work history and associated income, and costs incurred, revenues earned, and profits realized by Defendants in connection with the Pictures.;

8. For purposes of this Stipulated Protective Order, "Confidential Information" and "Highly Confidential – Attorneys' Eyes Only" Information are collectively referred to as "Protected Information."

9. Protected Information shall be used only for the purpose of litigation of this action and shall not be used for any other purpose whatsoever.

## PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED

10. Information designated as "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to Qualified Persons. For purposes of this Stipulated Protective Order, "Qualified Persons" shall mean the following:

(a) Counsel for any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

(b) Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c) Any party to this action, including but not limited to any partner, employee or representative thereof.

(d) Persons whose depositions are being taken in this action, who have, prior to the commencement of their deposition, signed the statement attached hereto as Exhibit "A" (which is to be made part of the official transcript of that deposition) attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Stipulated Protective Order. In the event a deponent does not sign Exhibit "A" prior to the commencement of his or her deposition, no information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be shown to the deponent and his or her deposition shall not be considered complete until the deposing party has an opportunity to raise the issue with the Court.

(e) Independent experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the expert's or consultant's opinions, provided that disclosure of Confidential Information to such experts or consultants shall be made only on the following conditions:

i. Prior to any Confidential Information being disclosed to any expert or consultant, counsel of record shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

ii. In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

Case 2:13-cv-00696-RGK-SS Document 29 Filed 11/26/13 Page 7 of 16 Page ID #:1480

   (f) Outside copy and litigation support vendors who have, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

 11. Information designated as "Highly Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

   (a) Counsel for any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

   (b) Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

   (c) Independent experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the expert's or consultant's opinions, provided that disclosure of "Highly Confidential – Attorneys' Eyes Only" Information to such experts or consultants shall be made only on the following conditions:

    i. Prior to any "Highly Confidential – Attorneys' Eyes Only" Information being disclosed to any expert or consultant, counsel of record shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

    ii. In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be

-6-

1 provided to opposing counsel in advance of the expert testifying at deposition or
2 trial.
3    (d)   Plaintiff Thomas Althouse, to the limited extent that he may
4 review at his counsel's office documents or information produced by Defendants
5 and designated as "Highly Confidential – Attorneys' Eyes Only" solely for the
6 purpose of aiding in the preparation of pleadings or filings or his own deposition in
7 this litigation. Plaintiff Thomas Althouse shall not be permitted to make copies of
8 or remove from his counsel's office any documents or information produced by
9 Defendants and designated as "Highly Confidential – Attorneys' Eyes Only."
10   (e)   Any other person agreed to in writing by the designating Party or
11 allowed through Court Order, who has, prior to the disclosure of such information,
12 signed the statement attached hereto as Exhibit "A."
13  12.  A copy of any signed Exhibit "A" shall be provided by the receiving
14 party's counsel to the designating party's counsel.

## METHOD OF DESIGNATING CONFIDENTIAL INFORMATION

16  13.  The party or third party seeking protection may designate information
17 as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by placing or
18 affixing to each designated page of the Document or Transcript, prior to production,
19 the notation "Confidential" or "Highly Confidential – Attorneys' Eyes Only,"
20 respectively. Such designation shall constitute a representation by counsel for the
21 party or third party making the designation that the Document or the Transcript, or
22 any portion thereof so designated, constitutes "Confidential" or "Highly
23 Confidential – Attorneys' Eyes Only" information as defined in paragraphs 7 and 8,
24 respectively, of this Stipulated Protective Order.
25   (a)   An inadvertent failure to designate an item as "Confidential" or
26 "Highly Confidential – Attorneys' Eyes Only" shall not be deemed a waiver of the
27 rights afforded by this Stipulated Protective Order. A party or third party that
28 inadvertently fails to mark an item as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" at the time of production may thereafter inform the other Parties of the error and designate the item "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at that time. Such designation and notice thereof shall be made in writing, accompanied by substitute copies of any documents appropriately marked as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

    (b)    Upon receipt of the substitute copies, the receiving party shall treat the item according to its designation until further written agreement of the parties or order of the Court. Within five (5) days of receipt of the substitute copies, the receiving party shall return the previous unmarked items and all copies thereof, and/or shall destroy any items or copies thereof containing notes of counsel for the receiving party. In addition, the receiving party shall make reasonable efforts to recover all non-designated versions of any Document and to notify all receivers of the non-designated versions of the Document. Provided the receiving party and its counsel act in good faith to secure compliance with the terms of this Protective Order, the receiving party and its counsel shall incur no liability for disclosures made prior to notice of such designation. The designating party may request in writing, and the receiving party shall within 10 days of such a request provide in writing, an identification of all persons not qualified under this Protective Order who have received "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" Information prior to the time it was so designated.

    (c)    All items produced prior to the filing and entry of this Stipulated Protective Order may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within fifteen (15) days of the filing and entry.

14. If a party wishes to designate testimony or an exhibit as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" during the course of a deposition in this action, it shall do so by stating such designation on the record. Counsel for the party designating the testimony or exhibit as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall make reasonable arrangements to have

only the persons designated in paragraphs 6 and 7 above, respectively, present during the testimony containing Protected Information and/or presentation, quotation or reference to the exhibit containing Protected Information. In addition, after a deposition, counsel for any party or non-party may designate a deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by serving upon counsel for each party a written list of the specific portions as to which such status is claimed. Such written list must be served within ten (10) business days after transmittal to counsel of the transcript of such testimony.

15. When "Confidential Information" is incorporated into a Transcript of a deposition, arrangements shall be made by the designating Party's counsel with the attending reporter to label "Confidential" those portions of the Transcript containing such Confidential Information and only those portions containing such information. Such designated portions of the Transcripts (and all copies thereof) shall be separately bound by the court reporter and shall thereafter be subject to the same provisions herein as apply to any other Confidential Information.

16. When "Highly Confidential – Attorneys' Eyes Only" Information is incorporated into a Transcript of a deposition, arrangements shall be made by the designating Party's counsel with the attending reporter to label "Highly Confidential – Attorneys' Eyes Only" those portions of the Transcript containing such information and only those portions containing such information. Such designated portions of the Transcript (and all copies thereof) shall be separately bound by the court reporter and shall thereafter be subject to the same provisions herein as apply to any other "Highly Confidential – Attorneys' Eyes Only" Information.

### TREATMENT OF CONFIDENTIAL INFORMATION

17. The substance or content of Protected Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than the persons designated in paragraphs 6 and 7 above, respectively, either during the pendency of this action, or subsequent to its final determination. The Parties and

their counsel shall take reasonable precautions to ensure that no unauthorized disclosure of Protected Information occurs. Nothing in this Stipulated Protective Order shall prevent any producing party from using or disclosing its own "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" Information.

18.   If a Party seeks to include or reference any Protected Information in any filings with the Court, the Party must first comply with the procedures and requirements for filing under seal set forth in Civil Local Rule 79-5 for the ~~Northern~~ CENTRAL District of California. No Party shall file any documents with Protected Information without complying with these procedures and requirements for filing under seal.

~~19.   In the event that this matter proceeds to trial, if any Party seeks to introduce information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Parties shall meet and confer regarding whether and, if so, in what manner such information can be used and presented at trial.~~

[Handwritten margin note: "The Court cannot agree to stipulation regarding use of information at trial. The instant Protective Order is before the Court for discovery purposes only. /SHS/"]

20.   Upon the final determination of this action (and all appeals), whether by final non-appealable judgment, settlement, or otherwise:

(a)   The terms of this Stipulated Protective Order shall be binding in perpetuity on all persons designated in paragraphs 6 and 7, and all obligations and duties arising under this Stipulated Protective Order shall survive the termination of this action;

(b)   Counsel of record for each party receiving Protected Information shall, upon written request by the party that produced the Protected Information, either assemble and return to the disclosing party all Documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or shall assemble and destroy all Documents so designated, including all summaries or other material containing or disclosing Protected Information, the destruction of which shall be confirmed in writing to the party that produced the Protected Information within thirty (30) days of a request for such return or destruction made by that party. All

materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. However, nothing herein shall require any party or counsel to disclose to any other Party or counsel any materials protected by the attorney-client privilege or attorney-work product doctrine even if they contain another party's Protected Information. Such materials shall be destroyed, not returned, in response to a request made pursuant to this Paragraph. Also, nothing herein shall preclude counsel of record from maintaining one copy of all case files in connection with the action even if they contain Protected Information, but such counsel of record shall continue to treat such filings containing Protected Information according to the protections afforded by this Protective Order.

(c) In the event any person in receipt of "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" Information receives a written request, subpoena, or Court Order seeking disclosure of another party's "Highly Confidential – Attorneys' Eyes Only" Information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

**CHALLENGES TO DESIGNATIONS OR PROTECTIVE ORDER**

21. No party shall be obligated to challenge the propriety of any designation of "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" Information by another party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation. In the event a dispute arises regarding this Protective Order or the Parties' activities relating to it (including but not limited to, challenging the propriety of specific designations, objecting to a Party's abuse of its ability to designate materials "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or seeking a modification of the Protective Order), the Parties shall follow

1  the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37 to
2  resolve the dispute. ~~unless otherwise ordered by the Court,~~ The party challenging the
3  designations shall treat the materials according to the "Confidential" or "Highly
4  Confidential – Attorneys' Eyes Only" designations unless or until the Court orders
5  otherwise. The party seeking to enforce the "Confidential" or "Highly Confidential
6  – Attorneys' Eyes Only" designations shall have the burden on the motion to prove
7  the legal and factual basis for upholding the designations. ~~If a party wants to file~~
8  ~~under seal a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure, it~~
9  ~~may file a stipulation to that effect or the party seeking to file under seal may file an~~
10 ~~ex parte application making the appropriate request in accordance with paragraph 14~~
11 ~~of this Protective Order.~~

### MISCELLANEOUS PROVISIONS

22. Inadvertent production by any party of a document containing privileged attorney-client or other privileged communications, attorney work product immunity, or other information not subject to discovery, shall not constitute a waiver of any privilege, immunity or other right not to produce such a document. If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, in the event the receiving party discovers that it has received such documents, it will bring that fact to the attention of the producing party immediately upon discovery. In the event that the producing party discovers that it has produced either attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the receiving party immediately upon discovery. Upon request by the producing party, the receiving party will promptly return to the producing party any attorney client privilege or work-product-protected document and any copies that the receiving party may have made, which the producing party will keep separately and preserve. Upon request by the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the

1 attorney-client privilege or work-product-protected document. Further, the
2 receiving party must take reasonable steps to retrieve the information if the
3 receiving party disclosed it before being notified. Return of the documents by the
4 receiving party shall not constitute an admission or concession, or permit any
5 inference, that the returned document or thing is, in fact, properly subject to a claim
6 of attorney-client privilege or work product immunity.

7     23. Nothing in this Stipulated Protective Order shall be construed as an
8 admission as to the relevance, authenticity, foundation, or admissibility of any
9 document, material, transcript, or other information that is not otherwise relevant,
10 authenticated, or admissible, or does not possess an adequate foundation.

11     24. Nothing in this Stipulated Protective Order shall be construed to
12 supersede other protective orders entered in this matter. To the extent that certain
13 information is subject to other protective orders entered in this matter and also
14 qualifies as "Confidential Information" or "Highly Confidential – Attorneys' Eyes
15 Only" Information pursuant to paragraphs 7 and 8 of this Stipulated Protective
16 Order, such information shall be governed and protected by all applicable protective
17 orders. In addition, nothing in this Stipulated Protective Order shall be construed to
18 restrict the ability of any party to seek an order from this Court imposing further
19 restrictions on the dissemination of "Confidential Information" or "Highly
20 Confidential – Attorneys' Eyes Only" Information, or seek to rescind, modify, alter,
21 or amend this Stipulated Protective Order with respect to specific information. ~~To~~
22 ~~the extent that a conflict arises concerning the treatment and level of protection~~
23 ~~afforded to certain information that is subject to different protective orders, such~~
24 ~~information shall be governed and treated in accordance with the narrowest~~
25 ~~protective order affording the most stringent protections for such information.~~

26     25. Nothing in this Stipulated Protective Order shall bar or otherwise
27 restrict any attorney herein from rendering legal advice to a party in this case.
28

26. The terms herein are Orders of the Court and not merely recitals, with this document containing the entire Stipulation between the Parties. This Stipulated Protective Order can only be changed or terminated in a writing signed by each of the Parties hereto and/or by an Order of the Court.

27. By the signature of their undersigned attorneys, the Parties and their counsel stipulate that they will be bound by the foregoing provisions and further stipulate that this Stipulated Protective Order may be signed, filed and entered by the Court.

///
///
///

The Parties have met and conferred in good faith about the scope and terms of this Stipulation for Protective Order. The Parties have agreed to this Statement of Good Cause for the sole purpose of entering into this Stipulation for Protective Order; the Statement of Good Cause shall be inadmissible for any other purpose.

DATED: November 26, 2013     CALDWELL LESLIE & PROCTOR, PC
                             LINDA M. BURROW


By ____/s Linda M. Burrow_____
      LINDA M. BURROW
Attorneys for Defendants WARNER BROS. ENTERTAINMENT INC.; ANDY WACHOWSKI; LANA WACHOWSKI f/k/a LARRY WACHOWSKI; and JOEL SILVER

DATED: November 26, 2013     ANTHONY L. RANKEN & ASSOCIATES
                             ANTHONY L. RANKEN


By ____/s Anthony L. Ranken, by email authorization____
      ANTHONY L. RANKEN
Attorneys for Plaintiff THOMAS ALTHOUSE

PURSUANT TO STIPULATION, IT IS SO ORDERED.  *For good cause shown, SHS*

Dated: Dec. 4, 2013

*[signature]*

~~HON. R. GARY KLAUSNER~~
~~District Court Judge, C.D. Cal.~~   SHS

Suzanne H. Segal
U.S. Magistrate Judge

-15-

# EXHIBIT "A"
## ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

This is to certify that I, the undersigned, have read and am fully familiar with the provisions of the Stipulated Protective Order filed and entered in the case *Althouse v. Warner Bros. Entertainment, Inc., et al.* (Case No. CV 13-0696 RGK (SSx)) (hereinafter referred to as the "Stipulated Protective Order").

As a condition precedent to the disclosure to me of any Confidential Information pursuant to the Stipulated Protective Order, or my obtaining any information contained in said material, I hereby agree that the Stipulated Protective Order is binding upon me, and I further agree to keep all such material and information in strictest confidence and otherwise to observe, comply with, and be bound by the provisions of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. Executed at _____, this ___ day of _____, 2013.

Signature: _____
Name: _____
Address: _____
_____

Telephone: _____

-1-