RALPH R. RIOS, ESQ. 80585
RALPH M. RIOS, ESQ, ESQ. 230454
**RIOS & ASSOCIATES**
A Professional Law Corporation
1499 Huntington Drive, 5th Floor, Suite 506
South Pasadena, CA 91030
Telephone: (626) 583-1100
Facsimile: (626) 583-1475
rmr@rrioslaw.com

Attorneys for PLAINTIFF
TOM ALTHOUSE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THOMAS ALTHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT, INC.; ANDY WACHOWSKI; LANA WACHOWSKI f/k/a LARRY WACHOWSKI; JOEL SILVER; and JOHN/JANE DOES 1-10,<br><br>Defendants. | Case No. CV 13-696 RGK (SSx)<br><br>**PLAINTIFFS' RULE 56F OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AFFIFAVIT OF RALPH M. RIOS FEDERAL RULE CIVIL P 56**<br><br>Date:  March 31, 2014<br>Time:  9:00 a.m.<br>Place:  Ctrm. 850<br><br>Hon. R. Gary Klausner<br><br>Trial Date: June 17, 2014 |

# AFFIDAVIT OF RALPH M. RIOS

## *PURSUANT TO FED. R. CIV. P. 56*

I, Ralph M. Rios, hereby declare as follows:

1. I am an attorney duly licensed to practice before all courts of the State of California and the U.S. District Court for the Central District of California. I am an associate at the law firm of Rios & Associates, newly retained counsel for Plaintiff, Tom Althouse.

2. I have personal knowledge of the following facts and if called as a witness in this matter could and would competently testify thereto.

3. Pursuant to Rule 56(f) Plaintiff seeks a continuance of Defendants' Summary Judgment motion or in the alternative seeks leave to file a late opposition.

4. Plaintiff's request is based on the need for additional discovery and the fact that he has new counsel.

5. A Rule 56(f) affidavit must describe "**(1) the information sought and how it is to be obtained;** here plaintiff seeks to depose the each of the defendants regarding their involvement with the screenplay and the times and dates of its origination and production. **(2) how a genuine issue of**

**material fact will be raised by that** information; Plaintiff disputes defendants allegations of no access, defendants must be examined in these areas; also Defendants have provided different dates at different times regarding the writing of the Matrix trilogy examination into these areas is likely to provide disputed facts; **(3) what efforts the affiant has made to obtain the** information; plaintiff has been diligent in his pursuit of this case, to a point where examination of the defendants coupled with information plaintiff has discovered throughout his research is likely to provide disputed material facts and **(4) why those efforts were unsuccessful.** Plaintiff's efforts have been unsuccessful to this point because he has not had the opportunity to examine each of the witnesses. Each of the defendants has claimed a busy schedule and only made themselves available for a deposition across the country. At this point Defendants Wachowski's depositions can only be taken in Iceland. <u>United States v. Smithfield Foods, Inc.</u>, 969 F. Supp. 975, 978 (E.D. Va. 1997) (quoting <u>Sage Realty Corp. v. Ins. Co. of N. America</u>, 34 F.3d 124, 128 (2d Cir.1994)).

6. Defendants Warner Brothers Entertainment, Inc., Andy Wachowski,

Lana Wachowski and Joel Silver have filed a Summary Judgment seeking to dismiss all of Plaintiff's claims on both factual and legal issues, which Defendants claim are undisputed but which Petitioners dispute.

7. The information sought is in the sole and exclusive possession of the Defendants Joel Silver, Lana and Andy Wachowski and the Warner Bros. PMK. That information is the dates, times, manner and method of creating the screenplay.

8. Here, Plaintiff has made an attempt to take the depositions but because of the schedules of the defendants and plaintiff's former attorney he has been unable to take a person to person deposition.

9. Plaintiff has not been able to take the deposition of Defendants Andy Wachowski, Lana Wachowski and Joel Silver.

10. On Monday March 4, 2014, the deposition of the Wachowski defendants was scheduled to be taken in Chicago, Ill.

11. For some time prior to the deposition Plaintiff and his former attorney had several conflicts regarding the prosecution of the case. On the date of the scheduled deposition of defendants, Plaintiff learned that his attorney would be conducting the Wachowski depositions by telephone. The Wachowski's were in Chicago and Plaintiff's former attorney did not

Affidavit of Ralph M. Rios (Pursuant to Fed. R. Civ. P 56) - 3

schedule a flight to take the deposition in person. Immediately upon learning of the manner and method of taking Defendants' depositions Plaintiff canceled the depositions and requested a date to continue the depositions.

12. Also, as a result of conflicts, Plaintiff terminated his attorney.

13. After Plaintiff terminated his attorney he hired Rios & Associates.

14. On Wednesday March 6, 2014, I submitted a substitution of attorney signed by Plaintiff, his former attorney and myself.

15. On Thursday, March 7, 2014, I re-noticed the depositions of each of the Defendants and requested dates for depositions of Defendants' Person Most Knowledgeable.

16. On Saturday, March 8, 2014, I received the case file from Plaintiff's former attorney.

17. I reviewed the file and made a diligent attempt to file an opposition to Defendants' Summary Judgment motion. However, as the motion was being prepared several points became clearly evident, (1) plaintiff could not have his Opposition ready for filing by the Monday March 10, 2014 deadline; (2) Plaintiff needed to take the depositions of the Wachowski defendants and Joel Silver as well as PMK depositions. (3) Defendants' MSJ contained 99 Alleged Undisputed facts. I require additional time to

review and read each of the documents in the file and information provided by the defendants.

18. Preparing the MSJ to be filed timely, has become an insurmountable task considering the documents provided by plaintiff's former attorney and the work needed to oppose Defendants' MSJ, including taking the Defendants' depositions.

19. At the time I received the file, no work had been done on the summary judgment opposition and Plaintiff's former attorney Anthony Ranken was unable to take any depositions.

20. Plaintiff has over 190 disputed facts to support his motion and numerous exhibits. Each of these exhibits requires time by Plaintiff's counsel to assemble and verify for accuracy.

21. Plaintiff has scheduled depositions for the week of March 17-19, 2014, but Defendants are unlikely to be available. I was told that at the very least I would have to take the Wochowski depositions in Iceland. Defendants have not confirmed if Joel Silver is available for his scheduled deposition.

22. Additionally, Plaintiff must take the deposition of Defendants Rule 30(b)6 persons to testify regarding the Story department, submissions and procedures in 1992 and 1993.

23. Plaintiff believes that taking the depositions of each of the Defendants and Rule 30(b)6 depositions will assist Plaintiff's expert in developing his opinions.

24. Without additional discovery on the highly contested factual issues in this case, as described above, I believe Petitioner will be foreclosed from discovering and presenting the facts essential to justify his opposition to Defendant's Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 10th day of March, 2014 at Pasadena, California.

_____
Ralph M. Rios, declarant