Ralph R. Rios, State Bar No. 80585
Ralph M. Rios, State Bar No. 230454
**RIOS & ASSOCIATES**
36 W. Colorado Blvd. Suite 301
Pasadena, California 91105
Telephone: (626) 583-1100
Facsimile: (626) 583-1100
rmr@rrioslaw.com

Attorneys for Plaintiff, TOM ALTHOUSE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALTHOUSE<br><br>                              Plaintiff,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT, INC.; ANDY WACHOWSKI; LANA WACHOWSKI f/k/a LARRY WACHOWSKI; JOEL SILVER; and JOHN/JANE DOES 1-10 ,<br><br>                              Defendants. | CASE NO. CV 13-696 RGK (SSx)<br><br>**PLAINTIFF'S EX PARTE APPLICATION AND APPLICATION TO AMEND THE COURT'S SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RALPH M. RIOS; [PROPOSED] ORDER** |

**TO THE HONORABLE COURT:**

Plaintiff THOMAS ALTHOUSE hereby applies to this Court Ex Parte for an Order extending certain litigation deadlines in this matter in light of new counsel being retained for Plaintiff.

Specifically, Plaintiff and his previous attorney Anthony Renken had a

1  breakdown in their relationship which resulted in a failure by Plaintiff's former

2  attorney to prosecute the case. The conflict between Mr. Althouse and his former

3  attorney came to a head when Plaintiff learned that his attorney would not be

4  making a trip to Chicago to take the depositions of Defendants Andy and Lana

5  Wochowski. Instead, Plaintiff's attorney planned to take the very important

6  depositions by phone. Mr. Althouse had no choice but to terminate Attorney Renken

7  and seek new counsel.  Plaintiff then learned that very little discovery had been

8  completed by his former attorney and that an Opposition to a Summary Judgment

9  motion was due in less than a week.

10      Plaintiff hired new counsel and by way of this Ex Parte requests a 90-day

11  continuance of all previously scheduled dates.

12      This Court has the authority to issue an Ex Parte order under Local Rule 7-19

13  and Fed R. Civ. Proc. 6(c) (1)(c)  on a showing of "good cause." Good cause exists

14  here to grant Plaintiff's Ex Parte application.  As of this writing Plaintiffs are 6 days

15  from the discovery deadline.  Plaintiff's new counsel set depositions for the week of

16  March 17, 2014, however, it is unlikely those will go forward because of the

17  unavailability of the Defendants.

18  ////

19  ////

20  ////

21  ////

22

23

24

25

26

27

28

RIOS & ASSOCIATES
36 W. COLORADO BLVD. SUITE 301
PASADENA, CALIFORNIA 91105
TELEPHONE (626) 583-1100

1    Prior to bringing this application, Plaintiff's counsel met and conferred with

2   Defense counsel Craig Bessenger on March 12, 1014, pursuant to Local Rule 7-

3   19.1. (Rios Decl P. 3) wherein Attorney Bessinger declined to stipulate to the

4   matters in issue and advised of his intention to oppose Plaintiff's application. (Rios

5   Decl. P. 4) Counsel for Defendants is Craig Bessenger, at Caldwell, Leslie &

6   Proctor, 725 South Figueroa Street, 31st Floor, Los Angeles, California 90017-5524,

7   213-629-9040, email: bessenger@caldwell-leslie.com.

8

9   DATED: 4/13/14                              RIOS & ASSOCIATES

10

11

12                                     By:  _____

13                                            RALPH M. RIOS
                                              Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RIOS & ASSOCIATES
36 W. COLORADO BLVD. SUITE 301
PASADENA, CALIFORNIA 91105
TELEPHONE (626) 583-1100

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Thomas Althouse put much of his life's work into a screenplay infringed by Defendants to create the highly successful Matrix Trilogy which grossed over 1 billion dollars. During the litigation of this matter Mr. Althouse and his attorney had a breakdown in their relationship resulting in the termination of Mr. Althouse's former attorney Anthony Renken on March 3, 2014. Plaintiff then hired his new counsel. Immediately, Plaintiff's new counsel set the depositions of defendants and attempted to respond to Defendants' Summary Judgment motion pursuant to Rule 56(f).

By way of this Ex Parte Request Plaintiff seeks a short 90-day continuance of all dates set in the Court's Scheduling Order and additional time to respond to Defendants' Summary Judgment Motion. This continuance will give Plaintiff the opportunity to complete his fact discovery, provide his expert with the findings, and respond to the Summary Judgment motion. Additionally, Plaintiff's new attorney has located a missing key witness who lives out of state. This new witness provides a key link in Plaintiff's case to determine one of the contested issues in this case: did the defendant's have access to Plaintiff's screenplay? This witness fills that link with proof Defendants' were given access.

Due to the conflict with Plaintiff's former counsel and the necessity to take Defendants' depositions and to interview and/or depose the new fact witness Plaintiff has shown good cause. See, Fed R. Civ. P. 16 (District courts empowered to move pertinent litigation deadlines on a showing of "good cause"); Hallett v. Morgan 287 F.3d 1193, 1212 (9th Cir. 2002) (Recognizing that a "denial of discovery [can] resul[t] in actual and substantial prejudice to the complaining litigant.") ([C]ompleteness in the exposure of the issues in the pretrial discovery proceedings [should not] be sacrificed to speed in reaching the ultimate trial on the merits. Delay should be avoided to the extent that it is necessary or unreasonable but

RIOS & ASSOCIATES
36 W. COLORADO BLVD. SUITE 301
PASADENA, CALIFORNIA 91105
TELEPHONE (626) 583-1100

1  adequate time must be allowed for discovery of the facts and assembly of the

2  proof." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1261 (9th Cir. 1982) (Citing Freehill with

3  approval.

4         With the existing March 19, 2014 discovery cut-off set to expire, the plaintiff

5  is before the Court on an ex parte basis seeking a reasonable opportunity to conduct

6  discovery.

7         Plaintiff is acutely sensitive to this Court's demanding schedule and of the

8  limited circumstances where ex parte relief is appropriate. However, the need for ex

9  parte relief in this instance is apparent. With the discovery deadline approaching and

10  Plaintiff's depositions of defendants being delayed and because of the newly

11  retained counsel on this complex case, plaintiff is faced with the imminent prospect

12  of proceeding to trial with no time to complete discovery and/or provide new

13  counsel with the opportunity to fairly prosecute this matter.  Thus, plaintiff's

14  counsel is before this Court and on behalf of Plaintiff himself who, through no fault

15  of his own, was placed in a position where he was forced to fire his attorney at this

16  late stage and take steps to ensure his matter is properly prosecuted.  Plaintiff seeks

17  a reasonable litigation schedule of at least a 90-day continuance.

18  DATED: 3/13/14                          RIOS & ASSOCIATES

19

20

21                                               ____/S/ Ralph M. Rios____

22                                               Ralph M. Rios
                                                 Attorney for Plaintiff
23

24

25

26

27

28

RIOS & ASSOCIATES
36 W. COLORADO BLVD. SUITE 301
PASADENA, CALIFORNIA 91105
TELEPHONE (626) 583-1100

# DECLARATION OF RALPH M. RIOS

I, RALPH M. RIOS, do declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and I am an associate of the law firm of Rios & Associates.

2. I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

3. On March 12, 2014, I met and conferred with Defendants' Counsel Craig H. Bessenger regarding the contents of this ex parte application. Attorney Bessenger stated Defendants would oppose our ex parte application.

4. I was retained in this matter on March 5, 2014. I received the case file on March 8, 2014. On March 10, 2014, an Opposition to defendants' Summary Judgment was due.

5. After reviewing the file and scheduling the Defendants' depositions I filed a Rule 56(f) opposition to Defendants Summary Judgment motion as I required additional discovery in order to respond to Defendant's motion.

6. Additionally, through research and investigation, I was able to locate a material witness who provides information to dispute Defendants' contentions. I will require additional time to interview this witness and obtain a declaration or deposition.

7. I am requesting a short 90-day continuance to conduct discovery and

RIOS & ASSOCIATES
36 W. COLORADO BLVD. SUITE 301
PASADENA, CALIFORNIA 91105
TELEPHONE (626) 583-1100

interview the new witness and provide information to Plaintiff's expert.

8.  Additionally, my research of the file reveals, Plaintiff, through no fault of his own, has been severely prejudiced by the breakdown of the attorney-client relationship between he and his former attorney.

9.  Although, depositions have been scheduled for each of the defendants I have been informed by Defense counsel that the Wochowski defendants will not be available as they are on scene in Iceland. This will require counsel to take the depositions of these defendants in Iceland.

10. Further, Plaintiff's attorney requested confirmation of the additional scheduled depositions by the end of the day today, March 13, 2014, and Defendants have not confirmed any of the scheduled depositions. Therefore, Plaintiff will require additional time to take these depositions and the Warner Bros. PMK depositions.

11. I declare, under penalty of perjury under the laws of the United States, that the foregoing is true and correct, and that this declaration was made and executed this 13th day of March 2014, in South Pasadena, California

By: _____ /S/ Ralph M. Rios
Ralph M. Rios
Declarant

RIOS & ASSOCIATES
36 W. COLORADO BLVD, SUITE 301
PASADENA, CALIFORNIA 91105
TELEPHONE (626) 583-1100